# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA SEARS, on behalf of PATRICK SEARS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3418** |
| **SHERIFF HARRY LEE, ET AL.** | **SECTION: "C" (3)** |

## ORDER & REASONS

### I. Standard of Review

**A)** **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not formally recognize a "Motion for Reconsideration." Out of judicial necessity, our courts have developed an approach to evaluate such a motion. As demonstrated in *Lavespere v. Niagara Machine & Tool Works, Inc.*, the first inquiry involves determining exactly which federal rule most appropriately governs the motion. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990). The United States Court of Appeals for the Fifth Circuit treats a motion for reconsideration as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)**."** *Id.* at 173. The Fifth Circuit holds that, "if the motion is served within ten (10) days of rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.*

In this case, the Court granted a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants, CorrectHealth Jefferson, LLC ("CorrectHealth"), Susan Lee, NP, Barbara Jordan, R.N., and Cindy Guidry, R.N. on September 25, 2009. Rec. Doc. 48. Plaintiff, Patricia Sears responded with this Motion for Reconsideration on October 5, 2009. Rec. Doc. 55. As calculated

1

according to Fed. R. Civ. P. 6(a)(2), Plaintiff filed her Motion to Reconsider within ten (10) days of the Order granting the Motion to Dismiss. Fed. R. Civ. P. 6(a)(2). Thus, it will be treated as a Rule 59(e) Motion to Alter or Amend. Fed. R. Civ. P. 59(e). Rule 59(e) Motions to Alter or Amend typically arise in connection with evidentiary materials or intervening changes in controlling law discovered after an adverse judgment. Courts have broad discretion to reopen cases under Rule 59(e) but must balance competing interests of "the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *Lavespere,* 910 F.2d at 174.

**B)** **Rule 59(e)**

The court's discretion to reopen a case under Fed. R. Civ. P. 59(e) and 60(b) differ. Although motions to reconsider are typically reserved for admission of newly discovered evidence, correction of "manifest error of law" may also justify relief. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Still, the court's interest in bringing litigation to an end compels reserving relief under this motion for the most deserving situations. Courts have consistently denied relief under Rule 59(e) where the moving party seeks only to reargue the same points without offering new evidence or new legal support.

In 1997, the Fifth Circuit denied a motion to reconsider which "relied on precisely the same basis as the earlier complaint." *Allred v. Moore & Peterson*, 117 F.3d 278 (5th Cir. 1997). In 2003, it held that "a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching. *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688,

696-697 (5th Cir. 2003). The Sixth Circuit recently affirmed denial of a motion for reconsideration which "merely presented the same legal issues upon which the court previously ruled and failed to demonstrate a palpable defect by which the court and the parties were misled." *Streater v. Cox*, 2009 WL 1872471, 7 (6th Cir. 2009).

The United States District Court for the Southern District of Florida recently confronted a similar issue while evaluating a motion to reconsider. *Sierra Equity Group, Inc. V. White Oak Equity Partners, LLC*, 2009 WL 1405014, 1 (S.D. Fla. 2009). That court cited the following sources and their holdings supporting the idea that a motion to reconsider should do more than reassert previously rejected claims:

> "In reviewing a motion to reconsider, the Court "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." *Prudential Securities, Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D.Fla.1996) *quoting American Home Assurance, Co. v. Glenn Estess & Assoc. Inc.,* 763 F.2d 1237, 1239 n. 2 (11th Cir.1985). A motion for reconsideration should not be used to reiterate arguments already made or to ask the Court to "rethink what the Court ... already thought through." *Z.K. Marine, Inc. v. M/V Archigetis,* 808 F.Supp. 1561, 1563 (S.D.Fla.1992) *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983). A motion for reconsideration premised on previously rejected arguments should be denied because it "does not meet the standard employed on review of a Motion for Reconsideration." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F.Supp.2d 1256, 1268 (N.D.Ala.2006). "[M]otions to reconsider are not a platform to relitigate arguments previously considered and rejected." *Id.* at 1268 n. 9 (citations omitted)." *Id.*

As Defendants identify in their Opposition to Plaintiff's Motion to Reconsider, "the proper inquiry is whether the moving party has 'clearly establish[ed] either a manifest error of law or fact or ... present[ed] newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). "A motion to reconsider is 'not the vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Finally, Defendants cite a 2002 decision from this Court which

3

established "four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group, Inc.*, 2002 WL 1268404, 2 (E.D. La. June 5, 2002).

Plaintiff's Motion to Reconsider revolves around the assertion that this "Court erroneously applied the law to the facts as alleged in the instant matter in granting the Motion to Dismiss as the allegations taken as a whole state a cause of action against defendants for depriving Patrick Sears of his constitutional rights as a result of defendants deliberate indifference to his medical needs." Rec. Doc. 55-2. No new evidence or intervening change in controlling law is provided. Thus, relief under this Motion to Reconsider is plausible only if this Court's decision to grant Defendants' Motion to Dismiss was based on manifest errors of law or fact or if dismissal would yield manifest injustice to Plaintiff.

Plaintiff's Motion to Reconsider refers only to evidence and legal arguments previously rejected in this Court's decision to grant Defendants' Motion to Dismiss. It does nothing more than express disagreement with the Court's decision and repeats verbatim the allegations already found to be insufficient to state viable claims upon which relief can be granted. Plaintiff accuses the Court of erroneously applying the law to the facts but fails to identify any manifest error or misapplied law in the Court's holding. Plaintiff's Motion to Reconsider is thus denied. Still, out of an abundance of caution, this Court will once again briefly address the Complaint's deficiencies.

## II. Substance of Plaintiff's Motion to Reconsider

Plaintiff reasserts in her Motion to Reconsider that the allegations in her complaint "are not

4

speculative, conclusory allegations or a formulaic recitation of the elements of a cause of action but are based upon the facts as alleged in the Original Complaint, First Supplemental and Amended Complaint and Second Supplemental and Amended Complaint, which are sufficient to allow this well-pleaded complaint to proceed." *Id*. Plaintiff properly argues that surviving a Motion to Dismiss should not demand full discovery. However, pleading requirements still exist, and enough specific facts to support a given cause of action are essential. As this Court has held, the specific constitutional violation complained of is relevant to determining the sufficiency of the complaint. *Wild v. Foti*, 2002 WL 31554003 (E.D. La. 2002). Plaintiff's Complaint and its subsequent amendments fail to adequately state a claim for relief for the cause of action alleged.

Plaintiff insists that, "when reading the allegations as a whole, the allegations are not vague descriptions but are factually sufficient, verbatim statements from the medical records from the Jefferson Parish Correctional Facility reflecting the deliberate indifference of the particular defendants in depriving Patrick Sears of his constitutional rights." Rec. Doc. 73. This statement is not entirely accurate. Some allegations within the complaint are verbatim statements documenting the course of events on May 21, 2007. Plaintiff offers with those statements conclusory allegations that do not come from Jefferson Parish Correctional Center (JPCC) medical records. Those statements that actually come straight from the medical records fall short of stating a claim for § 1983 liability, and Plaintiff's accompanying inferences fail to cure this deficiency.

**A)   Allegations against Defendant Correcthealth L.L.C.**

The claims against CorrectHealth essentially break down into (1) CorrectHealth's failures to (a) "supervise, train, monitor its employees," (b) "properly staff the unit," and (c) "establish proper

procedures for monitoring head injury patients," and (2) CorrectHealth's "custom and practices." Rec. Doc. 55-2. The first half of these claims cites three general failures of CorrectHealth which Plaintiff asserts resulted from "its involvement in implementing and promulgating policies and procedures and training and supervising the medical personnel at the JPCC; for its failure to properly staff the unit; and for its failure to establish proper procedures for monitoring head injury patients." *Id*. She adds that "CorrectHealth's policies and procedures for staffing and training personnel and for monitoring head injury patients resulted in a violation of Patrick Sear's constitutional rights because CorrectHealth's policies and practices resulted in deliberate indifference to inmates', including Patrick Sear's, serious medical needs." *Id*. Rephrased, Plaintiff claims that CorrectHealth's policies and practices caused injury to Patrick Sears because they resulted in deliberate indifference to him. In support of this, she cites the following Fifth Circuit holding:

> "an official is liable under section 1983 for a failure to train only where the plaintiff establishes that: "(1) the [official] failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Burge . St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003).

The first prong of Plaintiff's cited test would require that Plaintiff establish CorrectHealth's failure "to train or supervise the officers involved." The Complaint and its amendments cite nothing about the actual training or supervision of CorrectHealth's employees. Instead, Plaintiff presents scant evidence of the actions of a few nurses over the span of less than two hours. From this limited perspective, she infers evidence sufficient to establish § 1983 liability for deliberate indifference.

The second half of Plaintiff's complaints against CorrectHealth alleges "custom, policy, and usage" of expeditiously processing inmates and returning them to their cells without adequate medical treatment. Rec. Doc. 55-2. In her only actual citation to an identifiable CorrectHealth

6

policy, Plaintiff cites the JPCC manual which broadly describes CorrectHealth's duty to JPCC inmates. *Id*. Plaintiff alleges that Defendant Correcthealth is liable as the "Medical Director" of the JPCC for practices and policies resulting in deliberate indifference to Patrick Sears. *Id*. To support this claim, Plaintiff cites a decision by the Supreme Court of the United States which held policies of New York City's Department of Social Services and Board of Education to be unconstitutional. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692 (U.S. 1978). Plaintiff asserts that resulting "jurisprudence recognizes that § 1983 liability can attach against one party if that party caused the actions of another party to deprive an individual of his Constitutional rights." Rec. Doc. 55-2. This assertion is true but fails to cure the deficiencies of Plaintiff's Third Supplemental and Amended Complaint because the court in *Monell* identified a specific, formal policy which caused the injury. Rec. Doc. 61-2.

In *Monell*, female employees attacked policies which required taking unpaid leave for pregnancy before the leave became essential for medical reasons. As stated in the Majority's Opinion, *Monell* "involves formal, written policies of a municipal department and school board." 436 U.S. at 713. *Monell* offers as little support for Plaintiff's cause as did the two cases cited just before it. Rec. Doc. 55-2. As discussed in granting Defendants' Motion to Dismiss, the court in *Howard v. Town of Jonesville,* 935 F.Supp. 855 (W.D.La.), found a constructive custom or policy where the town's "ultimate policymaker" acted inappropriately, and the court in *Albright v. City of New Orleans*, 2001 WL 725354 (E.D.La.), cited a specific decree which resulted in discriminatory promotions. Rec. Doc. 48. Critical to finding liability in *Monell*, *Howard*, and *Albright* was each court's isolation and identification of a specific, offending policy which caused the constitutional injury.

7

Throughout the Complaint and Amended Complaints, Plaintiff refers repeatedly to Defendant CorrectHealth's policies and practices which "resulted in deliberate indifference to inmates', including Patrick Sear's, serious medical needs." Rec. Doc. 55-2. However, not once does Plaintiff cite or even describe a specific policy which resulted in deliberate indifference. Further, no evidence of such a custom exists anywhere in the record beyond the vague assertions that these "policies and practices resulted in the deliberate indifference to inmates', including Patrick Sear's, serious medical needs." *Id*. Alternatively, there are several indirect ways to evidence a constructive policy, as was found in *Howard v. Town of Jonesville*, but Plaintiff offers no such evidence. Instead, Plaintiff alone infers a broad custom or policy from an isolated incident or simply assumes, based on the severity of Patrick's injuries, that an unconstitutional policy must be at fault. Without a more concrete causal connection between CorrectHealth and the actions of its employees, Plaintiff's claim too closely mirrors simple vicarious liability which is unsustainable in this § 1983 action.

**B)      Allegations against Defendants Susan Lee, Barbara Jordan, & Cindy Guidry**

Similar to Plaintiff's claims against CorrectHealth, her Motion to Reconsider rehashes her previous claims against Defendants Susan Lee, Barbara Jordan, and Cindy Guidry. Once again, she cites the JPCC medical records for specific times and their accompanying events, supplementing these citations with her own inferences of deliberate indifference. Just as this approach fell short of adequately pleading claims against CorrectHealth, it also fails to sustain § 1983 liability for deliberate indifference against CorrectHealth's employees. In granting the Motion to Dismiss, this Court discussed the level of culpability necessary to state a claim of deliberate indifference. Plaintiff failed to offer sufficient evidence in support of such a claim in her previous complaints, and her Motion to

8

Reconsider offers no new evidence of such culpability among Defendants. Further, the Motion to Reconsider cites no intervening change in controlling law and suggests no manifestly erroneous application of law that could have misguided this Court's decision.

### III. Conclusion

Patrick Sears entered the Jefferson Parish Correctional Center on May 21, 2007 indicating intent "to cause violence, create problems, provoke other inmates and engage in destructive behavior after returning [to] the Jefferson Parish Correctional Facility following being sentenced." Rec. Doc. 61-2. This reckless intent led to a severe beating, resulting in serious residual injuries. Internal damage to Mr. Sears' head has ultimately left him in a most unfortunate state. It could be argued in retrospect that Defendants could have done more to mitigate the ultimate damage suffered by Patrick Sears, but this fact alone does not make out a valid claim of deliberate indifference. It could be argued that the steps taken by the nurses may have been insufficient if not negligent to his serious medical needs. However, the § 1983 relief sought here demands far more than allegations of reasonable alternatives. Because Plaintiff fails to present new evidence, intervening change in controlling law, manifest error on which judgment was based, or proof of manifest injustice, Plaintiff's Motion for New Trial and/or Motion to Reconsider is insufficient to merit relief under Rule 59(e).

Accordingly,

IT IS ORDERED that Motion for New Trial and/or Motion to Reconsider filed by Plaintiff Patricia Sears is DENIED. (Rec. Doc. 55).

New Orleans, Louisiana, this 19th day of January, 2010.

                                                        HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE